**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LATINOJUSTICE PRLDEF<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**<u>INTRODUCTION</u>**

1. This lawsuit seeks information regarding Defendants' unconstitutional targeting of Puerto Ricans, who are United States citizens and not subject to immigration enforcement. Plaintiff LatinoJustice PRLDEF ("LatinoJustice" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.,* for declaratory, injunctive, and other appropriate relief to compel the Unites States Department of Homeland Security ("DHS") and its subagency, United States Immigration and Customs Enforcement ("ICE") (together "Defendants"), to produce information in connection with reported immigration enforcement actions targeting Puerto Rican individuals and their businesses. The government has failed to produce any records or documents in response to Plaintiff's FOIA request sent over five months ago on February 21, 2025, even though the requested records are subject to disclosure.

1

2.   Individuals born in Puerto Rico are United States citizens by birth and cannot be detained or deported. This has been true for over 100 years, since the enactment of the 1917 Jones-Shafroth Act. Despite this, in January 2025, several media outlets reported that ICE agents had unlawfully questioned and detained United States citizens of Puerto Rican descent in New Jersey[1] and Wisconsin,[2] raided a Puerto Rican business in Pennsylvania,[3] and conducted an immigration raid in Barrio Obrero in San Juan, Puerto Rico.[4] Noting how enforcement actions like these "sow fear and distrust in communities" and raise "serious concerns about the behavior of federal agencies and the preservation of due process rights," members of Congress have come forward and unsuccessfully demanded answers from ICE.[5]

3.   LatinoJustice, a non-profit civil rights legal defense fund committed to protecting the rights of the Latinx[6] community and creating an equitable society, shares these concerns. On February 6, 2025, LatinoJustice sent a letter to the Defendants and to Thomas D. Homan, Executive Associate

---

[1]Maryam Khanum, *Trump's ICE agents arrest Puerto Rican military veteran in deportation raid*, LatinTimes, Jan. 24, 2025, https://www.latintimes.com/trumps-ice-agents-arrest-puerto-rican-military-veteran-deportation-raid-573359

[2] Gina Lee Castro, *Milwaukee officials, advocates working to verify viral report of Puerto Rican family detained by ICE*, Milw. J. Sent., Jan. 30, 2025, https://www.jsonline.com/story/news/local/2025/01/30/telemundo-report-of-ice-detaining-puerto-rican-family-in-milwaukee-draws-concern/78058292007/

[3] 6abc Digital Staff, ABC *Philly restaurant owners say ICE showed up without warrant 'because it's a Puerto Rican restaurant'*, ABC news, Jan. 30, 2025, https://6abc.com/post/owners-puerto-rican-restaurant-philadelphias-port-richmond-section-say-ice-agents-showed-warrant/15848835/

[4] Letter from two Members of Congress to DHS Secretary Noem, Jan. 27, 2025, https://espaillat.house.gov/sites/evo-subsites/espaillat.house.gov/files/evo-media-document/01.27.25-letter-ice-raids-in-pr-nj.pdf

[5] *See id.*

[6] The term "Hispanic" refers to individuals who originate from Spanish-speaking countries. *See* 42 U.S.C. § 300u-6(g)(2). "Latino" or the gender neutral "Latinx," refers to individuals whose origins are from Latin America. *See* Hugo Lopez *et al.*, *Who Is Hispanic?*, Pew Rsch. Ctr. (Sept. 23, 2021), https://www.pewresearch.org/fact-tank/2021/09/23/who-is-hispanic/. Plaintiff uses the term "Latinx" to cover the range of races and ethnicities within the Latinx umbrella. Latinx individuals can be of any race. The term includes Afro-Latinos and Indigenous people who self-identify as Latinx.

Director of Enforcement Removal Operations (also known as the "Border Czar") demanding an immediate explanation for ICE's enforcement actions involving Puerto Rican individuals. Exh. A, LatinoJustice letter sent to Thomas D. Homan dated February 6, 2025. LatinoJustice urged ICE to issue "immediate guidance clarifying that Puerto Rican United States citizens should not be subject to immigration enforcement actions and to implement safeguards preventing further civil rights violations." *Id.* at 1. To date, Plaintiff has received no response nor acknowledgement to its February 6, 2025 letter.

4.    The Latinx community has a compelling interest in knowing the practices, policies, and guidelines that lead to the wrongful detention of United States citizens based on racial or ethnic profiling. LatinoJustice has played an important role in empowering and educating the Latinx community, including through publishing reports about issues impacting the community. [7] Accordingly, on February 21, 2025, Plaintiff submitted a FOIA request via email to both Defendants. *See* Exh. B, FOIA request submitted by LatinoJustice to Defendants on February 21, 2025 ("FOIA request").

5.    The statutory deadline to provide a response to Plaintiff's FOIA request has passed. Defendants did not respond within the deadline, and they have not produced any records.

**JURISDICTION AND VENUE**

6.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under FOIA against agencies of the United States. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201-2202,

---

[7] *See* https://www.latinojustice.org/en/reports

and Federal Rules of Civil Procedure 57 and 65. The Court has personal jurisdiction over the parties.

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), because Plaintiff's principal place of business is in New York, NY.

8. Plaintiff has exhausted its administrative remedies in connection with its FOIA request. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

9. Plaintiff LatinoJustice is a nonprofit civil rights legal organization headquartered in New York, NY. LatinoJustice advocates for and protects the civil rights of the Latinx community in the United States and Puerto Rico, represents the interests of the public, and seeks government transparency and accountability through litigation and policy reform.[8]

10. Defendant DHS is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS headquarters are in Washington, D.C. DHS is an agency responsible for immigration enforcement in the United States.

11. DHS has possession and control of the records that Plaintiff seeks.

12. Defendant ICE is a sub-agency of DHS responsible for interior immigration enforcement, including immigration detention within the United States. ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1). ICE headquarters are in Washington, D.C.

13. ICE has possession and control of the records that Plaintiff seeks.

## STATEMENT OF FACTS

14. On February 21, 2025, Plaintiff sent a FOIA request via email to DHS' Office for

---

[8] *See, e.g., LatinoJustice PRLDEF et al v. Department of the Treasury,* No. 1:2019-cv-04417-JPO (S.D.N.Y. September 10, 2024) (seeking records from Department of Treasury under FOIA).

Civil Rights and Civil Liberties and to the ICE FOIA office, *see* Exh. B, seeking incident reports, memoranda, communications, and investigative documents relating to these four specific incidents:

(1) Detention of Puerto Rican military veteran in Newark, New Jersey: On January 23, 2025, ICE agents conducted a raid at Oceans Seafood Depot in Newark, detaining several individuals, including a U.S. military veteran of Puerto Rican descent. Despite presenting a valid veteran's identification card, the veteran was detained without a warrant. *Id.*

(2) Detention of Puerto Rican family in Milwaukee: On January 24, 2025, a Puerto Rican family, including a toddler, was detained by ICE agents in Milwaukee after being overheard speaking Spanish. The family was taken to an immigration detention center despite being U.S. citizens. *Id.*

(3) Raid at Puerto Rican restaurant in Philadelphia: On January 28, 2025, ICE agents entered Boricua Restaurant in North Philadelphia without a judicial warrant, seeking to inspect the premises. The owners, both United States citizens of Puerto Rican descent, were approached under the presumption of being undocumented due to the nature of their establishment. *Id.*

(4) Raid in Barrio Obrero, San Juan, Puerto Rico: On January 26, 2025, ICE agents conducted an aggressive immigration enforcement operation in *Barrio Obrero*, San Juan. The raid, executed in collaboration with federal agencies under President Trump's executive order on immigration, disproportionately targeted Dominican migrants and Puerto Ricans residing in the community. A local human rights organization reported that many residents—regardless of their immigration status—

have since been living in fear, avoiding work and public spaces. *See* Exh. B, FOIA request.

15. The FOIA request also sought disclosure of ICE's policies, guidelines, and training materials addressing the identification and targeting of individuals based on national origin, ethnicity, or language; records outlining steps taken by DHS and ICE to prevent racial profiling; and any records regarding audits or assessments of ICE's compliance with these policies. *Id.*

16. Plaintiff requested expedited processing and a fee waiver due to the compelling public interest in the matter. *Id.* FOIA requires ICE to respond to requests within 20 working days, which made ICE's response deadline March 21, 2025. *See* 5 U.S.C. § 552 (a)(6)(A)(i). ICE did not respond by the deadline.

17. On April 22, 2025, Plaintiff filed via email an administrative appeal regarding DHS' and ICE's collective failure to respond to the FOIA request. *See* Exh. C, FOIA Appeal filed on April 22, 2025 ("FOIA Appeal"). Plaintiff requested that the agencies immediately process the appeal, provide a response to the underlying FOIA request, grant Plaintiff's request for expedited processing, disclose all responsive documents without further delay, provide written justification for the delay in responding, and waive all fees. *Id.*

18. On April 24, 2025, ICE responded via email to Plaintiff's FOIA appeal. Exh. D, Printout of Email Response from ICE dated April 24, 2025 ("ICE response"). For the first time, ICE acknowledged receipt of the February 21, 2025 FOIA request and assigned it ICE FOIA Case Number 2025-ICFO-33038. *Id.*

19. ICE's April 24, 2025 email in response to the FOIA appeal was over a month after the March 21, 2025 deadline to respond to the FOIA request.

20. ICE did not address Plaintiff's expedite request and invoked a 10-day extension, effectively

6

incorrectly treating Plaintiff's FOIA appeal as an initial FOIA request. *Id.*

21. ICE did not address Plaintiff's fee waiver request, but stated that "[a]s a non-commercial requester, [Plaintiff] will be charged 10 cents per page for duplication" and "the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher." Exh. D, ICE Response. ICE stated that it would "construe the submission of [Plaintiff's] request as agreement to pay up to $25.00." *Id.*

22. ICE's April 24, 2025 email has been the only response whatsoever received from ICE. ICE has effectively missed the deadline to respond to the FOIA appeal filed on April 22, 2025.[9]

23. As of the date of this Complaint, ICE has not produced any of the requested documents.

24. As of the date of this Complaint, DHS has not responded to the FOIA request nor to the the FOIA appeal.

25. As of the date of this Complaint, DHS has not produced any of the requested documents.

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION
### Violation of FOIA, 5 U.S.C. § 552, Failure to Respond Within Required Time

26. Plaintiff repeats and realleges all paragraphs above.

27. ICE's April 24, 2025 email was outside the statutory period (20 days excluding

---

[9] *See* 6 CFR § 5.8 for the DHS statutory time limit for response to an appeal ("Administrative appeals. [...] (d) *Time limit for issuing appeal decision.* The statutory time limit for responding to appeals is generally 20 working days after receipt.") *See also* Executive Order 13,392, *Improving Agency Disclosure of Information*, at the White House FOIA FAQ site at https://www.whitehouse.gov/omb/information-resources/freedom-of-information-act-foia/#q15 ("The FOIA Act gives OMB a minimum of 20 working days (excluding Saturdays, Sundays and legal public holidays) to respond to your appeal request.").

Saturdays, Sundays, and legal public holidays) for responding to Plaintiff's FOIA request and outside the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552 (a)(6)(B)(i) and 6 C.F.R. § 5.5(c) (10 additional working days). DHS never responded.

28. Defendants violated FOIA, 5 U.S.C. § 552 (a)(6)(A)(i), by failing to timely respond, including by providing a determination of whether to comply with the request and the reasons for it.

## SECOND CAUSE OF ACTION
**Violation of FOIA, 5 U.S.C. § 552(a), Failure to Conduct an Adequate Search and to Disclose Responsive Records**

29. Plaintiff repeats and realleges all paragraphs above.

30. Plaintiff has a legal right to obtain the requested records, and no legal basis exists for failure to search for them.

31. Defendants' failure to conduct a reasonable search for records responsive to the FOIA request violates 5 U.S.C. § 552(a)(3).

32. Because of the failures to comply with FOIA's response deadlines, and because exceptional circumstances do not exist, Defendants may not assess any search fees. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

## THIRD CAUSE OF ACTION
**Violation of FOIA, 5 U.S.C. § 552(a), Failure to Expedite Processing of Plaintiff's High Public Interest FOIA Request**

33. Plaintiff repeats and realleges all preceding paragraphs.

34. Plaintiff's FOIA request sought expedited processing based on urgent and high public interest in possible unconstitutional immigration enforcement of United States citizens of Puerto Rican descent and other Latinx communities.

35. The matter of the FOIA request involved "widespread and exceptional media interest" and

"questions about the government's integrity which affect public confidence" under 5 C.F.R. § 1303.40(e)(1)(ii). Exh. B, FOIA Request. Plaintiff cited to proof of this.

36. Despite these representations, Defendants failed to timely act on Plaintiff's request for expedited processing, which violated Defendants' statutory duties.

37. Defendants' failure to grant or even formally respond to the expedited processing request is a separate and independent violation of FOIA under 5 U.S.C. §§ 552(a)(6)(E)(ii)(I) and (iii).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Declare that Defendants' failure to respond within the required time violates FOIA;

(b) Declare that Defendants' failure to conduct an adequate search for all responsive records violates FOIA;

(c) Order Defendants to immediately conduct an adequate search for all responsive records;

(d) Declare that the requested records are not exempt from disclosure under FOIA;

(e) Enjoin ICE from withholding all non-exempt records responsive to Plaintiff's request;

(f) Order Defendants to produce a Vaughn index identifying alleged exempted records and the basis for each exemption;

(g) Declare that Plaintiff is entitled to expedited processing;

(h) Upon completion of expedited processing, order Defendants to expeditiously produce the requested records as permitted by law and make copies available to Plaintiffs no later than 15 days after the Court's order;

(i) Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld;

(j) Enjoin Defendants from assessing fees or costs for processing the FOIA request;

(k) Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E),

9

the Equal Access to Justice Act, and any other applicable statute or regulation; and,

(l)  Grant such other relief as the Court deems just, equitable, and proper.

Dated: July 29, 2025                                  Respectfully submitted,
New York, NY

                                                     /s/ Stephanie Cordero
                                                     Stephanie Cordero (SC5208)
                                                     Jose Perez
                                                     Rex Chen
                                                     scordero@latinojustice.org
                                                     jperez@latinojustice.org
                                                     rchen@latinojustice.org
                                                     **LATINOJUSTICE PRLDEF**
                                                     475 Riverside Drive, Suite 1901
                                                     New York, NY 10115
                                                     Telephone: (212) 219-3360


                                                     *Attorneys for Plaintiff*

10